ASCENSION LAW GROUP
PAMELA TSAO (266734)
17802 IRVINE BLVD
SUITE 117
TUSTIN, CA 92780
PH: 714.783.4220
FAX: 888.505.1033
Pamela.Tsao@ascensionlawgroup.com

Attorneys for Plaintiff JOHN HO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HO, an individual | Case No.:  8:17-cv-00551 |
|        Plaintiff, | **PLAINTIFF JOHN HO'S OPPOSITION TO DEFENDANT QUARTZ HILL, LLC'S MOTION TO DISMISS** |
|    vs. | |
| QUARTZ HILL, LLC, a limited liability company;<br>       Defendant. | |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................. 1

II.   STATEMENT OF FACTS ................................................................. 2

    a.    Plaintiff is Disabled ................................................................. 2

    b.    Plaintiff Attempted To Visit The Property But Encountered Accessible Barriers ................................................................. 2

    c.    Plaintiff Files Suit In Federal Court ................................................. 2

III.  LEGAL STANDARD ................................................................. 3

    a.    Motion to Dismiss Under 12(b)(6) ............................................... 3

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. ................................ 3

IV.  LEGAL ARGUMENTS ................................................................. 3

    a.    Plaintiff Has Sufficiently Pleaded His Right To Injunctive Relief ........... 3

    b.    Plaintiff Need Not Identify Himself as a High Frequency Litigant Because This Pleading Requirement Under the California Code of Civil Procedure § 425.50 Is Procedural and Not Substantive .................. 5

    c.    Defendant Concedes that Plaintiff's Unruh Claim Is Inextricably Intertwined With Plaintiff's ADA Claim Which is Precisely Why This Court Should Exercise Supplemental Jurisdiction. ......................... 8

    d.    Plaintiff's Election To File An ADA Claim In Federal Court is Not Forum Shopping ................................................................. 10

V.   CONCLUSION ................................................................. 11

1

# TABLE OF AUTHORITIES

2

*Cases*

3

*Acri v. Varian Assocs., Inc.,*
        114 F.3d 999, 1001 (9th Cir.1997) .......................................................... 8

4

5

*Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone,*
        197 F.3d 1003, 1008 (9th Cir.1999)....................................................... 10

6

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
        631 F.3d 939, 944 (9th Cir. 2011) ............................................................ 4

7

8

*Daubert v. City of Lindsay,*
        37 F. Supp. 3d 1168, 1179 (E.D. Cal. 2014) ......................................... 5, 6

9

*Doran v. 7-Eleven, Inc.,*
        524 F.3d 1034, 1044 (9th Cir. 2008) ..................................................... 4, 5

10

11

Erie *R. Co. v. Tompkins,*
        304 U.S. 64, 78 (1938). .............................................................................. 5

12

*Grove v. De La Cruz,*
        407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005)........................................... 8

13

14

*Guaranty Trust Co. v. York,*
        326 U.S. 99 (1945). ..................................................................................... 5

15

*Hagans v. Lavine,*
        415 US at 538 (1974). .............................................................................. 11

16

17

*Kittok v. Leslie's Poolmart, Inc.,*
        687 F. Supp. 2d 953, 958.......................................................................... 7

18

*Kohler v. Rednap, Inc.,*
        794 F. Supp. 2d 1091, 1094 (C.D. Cal. 2011).......................................... 9

19

20

*LaFleur v. S & A Family, LLC,*
        No. SA CV 13-01297-MWF, 2014 WL 2212018, at *5 (C.D. Cal. May
        13, 2014) ...................................................................................................... 9

21

22

*Molski v. Hitching Post I Rest., Inc.,* No.
        CV 04-1077SVWRNBX, 2005 WL 3952248, at *7 (C.D. Cal. May 25,
        2005) ............................................................................................................ 9

23

24

*Munson v. Del Taco, Inc.,*
        46 Cal. 4th 661, 676 (2009) ....................................................................... 7

25

*Neitzke v. Williams,*
        490 U.S. 319, 326–27 (1989) .................................................................. 3, 4

26

27

*O'Campo v. Chico Mall, LP,*
        758 F. Supp. 2d 976, 985 (E.D. Cal. 2010 ............................................ 5, 6

28

*Pickern v. Holiday Quality Foods Inc.,*
        293 F.3d 1133, 1135 (9th Cir. 2002) ......................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Ralphs Grocery Co.,*
    *No. ED CV08-1627CAS(RCX), 2009 WL 2246238,* at *4 (C.D. Cal. July
    27, 2009)* ..................................................................................................... 9

*Sea–Land Serv., Inc. v. Lozen Int'l, LLC,*
    285 F.3d 808, 814 (9th Cir.2002);.................................................................. 10

*See D'Lil v. Best W. Encina Lodge & Suites,*
    538 F.3d 1031, 1040 (9th Cir. 2008)............................................................... 4

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83, 98 (1998) ................................................................................... 10

*Wilson v. Murillo,*
    163 Cal. App. 4th 1124, 1128 .......................................................................... 7

***Statutes***

California Civil Code § 55.56(f)(1) .......................................................................... 7

California Civil Code § 55.56(f)(1), ........................................................................ 6

California Civil Code § 55.56(f)(2) .......................................................................... 7

California Code of Civil Procedure § 425.55 .......................................................... 2

California Code of Civil Procedure § 55.54 ............................................................ 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff John Ho ("Plaintiff") submits the following Opposition ("Opposition") to Defendant Quartz Hill, LLC's ("Defendant") Motion to Dismiss.

## I.   INTRODUCTION

Defendant's Motion confusingly does not appear to attack the sufficiency of any of the factual allegations in Plaintiff's Complaint.  Defendant does not contend that Plaintiff has not alleged sufficient facts to state a claim under either the Unruh Civil Rights Act ("Unruh") nor the Americans with Disabilities Act ("ADA"). Instead, Defendant's Motion hinges on the belief that this Court will dismiss Plaintiff's Complaint based on Plaintiff's character alone.  The sole purpose of Defendant's Motion thus is to pander to the Court's emotions and ignite the Court's prejudices.  Defendant's Motion does nothing more than attack Plaintiff's character in hopes that this alone will be sufficient to persuade the Court to make an emotional rather than a legal application of the law.  This Court should not give Defendant's Motion any credence.

Defendant essentially argues that this Court should dismiss Plaintiff's complaint because (1) this Court should not believe the allegations made in Plaintiff's Complaint because he is a high frequency litigant; (2) Plaintiff has not alleged a claim under the ADA and the Unruh Civil Rights Act because Plaintiff has not pleaded that he is a high frequency litigant; and (3) this Court should not exercise supplemental jurisdiction over Plaintiff's state Unruh claim because the claim predominates Plaintiff's federal ADA claim.  None of these arguments are grounds for dismissal under Federal Rules of Civil Procedure Rule 12(b)(6).  Accordingly, this Court should deny Defendant's Motion in its entirety because

(1) Plaintiff has properly stated a cause of action under the ADA and the Unruh Civil Rights Act;

(2) The pleading requirements under California Code of ***Civil Procedure*** §
425.55 are procedural and not substantive, and thus Plaintiff need not adhere
to state law pleading requirements when proceeding in federal court;

(3) Defendant's admission that Plaintiff's Unruh and ADA claims are
inextricably intertwined is precisely why this Court should exercise
supplemental jurisdiction; and

(4) Plaintiff's Claim Under the ADA is neither frivolous nor insubstantial

## II.    STATEMENT OF FACTS

### a.  Plaintiff is Disabled

Plaintiff is a T-12 paraplegic, and as a result is unable to walk or stand, and thus requires a use of a wheelchair at all times when traveling in public.  *See* Complaint ¶ 8 (Docket No. 1).  Plaintiff is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

### b.  Plaintiff Attempted To Visit The Property But Encountered Accessible Barriers

On June 12, 2015, Plaintiff attempted to patronize the Property located at 14024 MAGNOLIA ST, WESTMINSTER, CA 92683-4736 (APN: 098-101-13) (the "Property").  Plaintiff lives nearby and frequents the area several times a month for dining and entertainment purposes.  *Id.* at ¶ 1.  At the time of Plaintiff's visit, however, Plaintiff encountered barriers (both physical and intangible) that interfered with – if not outright denied – Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the facility.  *Id.* at ¶ 10.

### c.  Plaintiff Files Suit In Federal Court

On March 27, 2017, Plaintiff filed the current suit against Defendant in the Central District of California, federal court.  Federal jurisdiction was premised on Plaintiff having file a claim under the Americans with Disabilities Act – a federal statute.

**2**

## III.   LEGAL STANDARD

### a.  <u>Motion to Dismiss Under 12(b)(6)</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).  "If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support." *Id.*

## IV.   LEGAL ARGUMENTS

### a.  <u>Plaintiff Has Sufficiently Pleaded His Right To Injunctive Relief</u>

Despite bringing a 12(b)(6) motion for failure to state a claim, Defendant here surprisingly never argues that Plaintiff has not properly pleaded the elements to establish an ADA claim.[1]  Defendant's Motion only briefly references that Plaintiff has not properly pleaded the likelihood of "immediate threat" or "future injury" because (1) Plaintiff has not returned to the Property, which Plaintiff knows to be non-compliant; and (2) Plaintiff's allegations of an intent to return should not be believed.

---

[1] Defendant has not raised any argument as to the sufficiency of the facts pleaded in Plaintiff's complaint to establish an ADA and Unruh claim. Plaintiff thus will not address line by line each allegation of Plaintiff's complaint that establish an ADA and Unruh violation.

**3**

Case law on this matter has soundly rejected both of these arguments.

First, Plaintiff has not returned to the Property *precisely* because he knows that the Property is inaccessible. Plaintiff need not engage in the futile gesture of trying once again access the inaccessible Property to establish an injury. In *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1135 (9th Cir. 2002), the Ninth Circuit made clear that "when a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, ***that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury***…" *See also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) ("an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue").

Second, the United States Supreme Court has clearly stated that a court does not have the power to dismiss a complaint simply because the judge does not believe the truth of the facts pleaded. In *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989), the United States Supreme Court made clear that "Rule 12(b)(6) does not countenance […] dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support." *Id.*; *see also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) ("because the district court focused on [plaintiff's] history of ADA litigation as a basis for questioning the sincerity of her intent to return to the Best Western Encina, we reject its purported adverse credibility determination").

Lastly, Plaintiff's Complaint sufficiently alleges facts establishing imminent injury. In *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008), the Ninth Circuit held that an ADA plaintiff had sufficiently stated an injury in fact by "stating

**4**

that he is currently deterred from attempting to gain access to the Paradise store." Under the Ninth Circuit's analysis, these allegations alone "stated sufficient facts to show concrete, particularized injury." *Id.* The Ninth Circuit further explained that "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'" *Id.* Here, Plaintiff's complaint both alleges that he is currently deterred from attempting to gain access to the Property and that the Property continues to be non-compliant. *See* Complaint ¶¶ 12, 20, 28, 29.

> ### *b.* **Plaintiff Need Not Identify Himself as a High Frequency Litigant Because This Pleading Requirement Under the California Code of Civil Procedure § 425.50 Is Procedural and Not Substantive.**

Defendant argues that because Plaintiff has not identified himself as a "high frequency litigant" as required under California Code of Civil Procedure § 425.50, this Court should dismiss Plaintiff's Unruh Claim. The pleading requirement under § 425.50, however is procedural and not substantive. Under the Eerie Doctrine, this Court thus must apply federal and not state procedural law.

"Federal courts considering claims under state law apply federal procedural law and state substantive law." *Daubert v. City of Lindsay*, 37 F. Supp. 3d 1168, 1179 (E.D. Cal. 2014), *citing to* Erie *R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). "[W]hen a Federal Rule of Civil Procedure governs a situation, the Court applies the rule, even if in direct conflict with relevant state law." *Daubert,* 37 F. Supp. 3d at 1179 (E.D. Cal. 2014). Whether state law is procedural or substantive depends on "whether application of the state law is likely to be determinative of the outcome of the lawsuit." O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976, 985 (E.D. Cal. 2010)*, citing to Guaranty Trust Co. v. York,* 326 U.S. 99 (1945*).*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, whether Plaintiff is a high frequency litigant has no bearing on the outcome of the lawsuit.  Defendant argues that requiring Plaintiff to plead that he is a high frequency litigant has an effect on the "outcome" because if Plaintiff were a high frequency litigant, then (1) Defendant would be entitled to an early evaluation conference under California Code of Civil Procedure 55.54(a); and (2) Defendant would be entitled to a reduction of statutory damages.  Defendant's argument fails for two reasons.

First, courts have determined that the early evaluation conference under 55.54(a) is procedural in nature and thus would not be applicable in federal court.  In *O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 985 (E.D. Cal. 2010) the court explained that "while of course a settlement conference could potentially dispose of a case if a settlement is reached, it does not seem to be outcome determinative as that term is understood under the *Erie* doctrine."  Similarly, in *Daubert v. City of Lindsay*, 37 F. Supp. 3d 1168 (E.D. Cal. 2014), the Court denied defendant's request for an early evaluation conference under California Code of Civil Procedure § 55.54 specifically because the early evaluation conference and stay were procedural in nature.  The Court noted that "a stay of proceedings was not likely to be outcome determinative."  The court thus held that "neither action [i.e. stay of proceedings and stay] affected the parties' legal rights or entitlement to relief and the court could not order parties to engage in the early evaluation conference." *Id*.  In other words, Defendant would not be entitled to an early evaluation conference under § 55.54 even if Plaintiff had pleaded that he is a high frequency litigant because § 55.54 has no application in federal courts.  Accordingly, the pleading requirement under § 55.56 is not outcome determinative.

Second, while California Civil Code § 55.56 does indeed entitle Defendant to a reduction of statutory damages under certain circumstances, none of those circumstances depend on Plaintiff's status as a high frequency litigant.  For example, under California Civil Code § 55.56(f)(1), a defendant is entitled to a statutory

reduction of damages from $4,000.00 to $1,000.00 if defendant corrects the barriers within 60 days and shows that the property had been "CASp inspected" at the time of plaintiff's visit.  *See* California Civil Code § 55.56(f)(1).  Under California Civil Code § 55.56(f)(2) a defendant is entitled to a reduction of statutory damages of $4,000.00 to $2,000.00 if a defendant can correct the barriers within 30 days and show that it is a small business.  *See* California Civil Code § 55.56(f)(2).  **Neither of these reductions are dependent upon a plaintiff pleading or a defendant establishing that a plaintiff is a high frequency litigant**. In other words, Defendant here is entitled to the reduction of statutory damages (if it qualifies) regardless of whether Plaintiff states that he is a high frequency litigant.  Again, Defendant fails to establish that the pleading requirement under § 55.56(f)(2).

Lastly, it is worth noting that courts, including the Ninth Circuit and the California Supreme Court have squarely held that previous filings by an ADA plaintiff are not a bar to an ADA claim.  *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 676 (2009) (court recognized that previous ADA filings by a plaintiff "do not supply a justification for our inserting additional elements of proof into the cause of action defined by the statute"); *see also Wilson v. Murillo*, 163 Cal. App. 4th 1124, 1128, fn3 (2008) ("Numerosity alone, however, is insufficient to show that his [ADA] lawsuits are frivolous or harassing…we emphasize that [ADA plaintiff's] litigation history is immaterial to our resolution of this case").  Therefore, "the fact that plaintiff … ha[s] filed multiple similar suits is of little import here if *this* case is meritorious." (Original emphasis.)  *Kittok v. Leslie's Poolmart, Inc.,* 687 F. Supp. 2d 953, 958, fn 2 (C.D. Cal. 2009).  Accordingly, the state law requirement that Plaintiff plead that he is a high frequency litigant is a procedural and not substantive requirement which this federal Court should not apply.

c. __Defendant Concedes that Plaintiff's Unruh Claim Is Inextricably__
__Intertwined With Plaintiff's ADA Claim Which is Precisely Why__
__This Court Should Exercise Supplemental Jurisdiction.__

Confusingly, Defendant argues that this Court should decline supplemental jurisdiction because Plaintiff's Unruh claim predominates Plaintiff's ADA claim. Notably, this appears to be an argument more proper under Federal Rule of Civil Procedure rule 12(b)(1), which Defendant never raises. Such an argument is not proper under the 12(b)(6) standard. For this reason alone, this Court should not consider this argument. But even if this Court were inclined to analyze this argument, the argument is nonsensical. It is precisely because Plaintiff's Unruh claim is predicated entirely on Plaintiff's ADA claim that this Court should exercise supplemental jurisdiction.[2]

Here, considerations regarding values of economy, convenience, fairness and comity should compel this Court to exercise supplemental jurisdiction. *See Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (court's discretion to exercise supplemental jurisdiction "is informed by the ... values of economy, convenience, fairness, and comity"). Because Plaintiff predicates his state Unruh claim entirely on his ADA federal claim, requiring Plaintiff to proceed in two separate courts for what are essentially the same claims would be a waste of judicial resources.

In *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005), where the facts are nearly identical, the Court found that "[b]ecause plaintiff's state law claims arise from the same conduct as her ADA claims .. the Court finds that these values are best served by retaining jurisdiction over plaintiff's state law claims, and

---

[2] Defendant argues that Plaintiff's Unruh claim predominates Plaintiff's ADA claim. This argument however is immaterial and untrue. Plaintiff's Unruh claim is based entirely on Defendant violating the ADA. *See Ball v. Colco-Tylerton, L.P.*, No. SACV010522GLTANX, 2002 WL 32985908, at *3 (C.D. Cal. May 20, 2002) (holding that Plaintiff's establishment of an ADA violation constituted a violation of the Unruh Civil Rights Act). Therefore, to the extent that any one claim dominates the other, it would arguably be Plaintiff's ADA claim that predominates the Unruh claim.

accordingly, reaches the merits of these claims." *See also LaFleur v. S & A Family, LLC*, No. SA CV 13-01297-MWF, 2014 WL 2212018, at *5 (C.D. Cal. May 13, 2014) ("Because [plaintiff's] state law claims arise from the same conduct as her ADA claim and discovery …dismissing this action at this stage of proceedings would be a waste of judicial resources").

Similarly, in *Kittok vs. Ralphs Grocery Co.,* the Court found that despite the defendant mooting the plaintiff's federal ADA claim, the court would "exercise supplemental jurisdiction over plaintiffs' state law claims in the interest of 'judicial economy, convenience and fairness to litigants." *Kittok vs. Ralphs Grocery Co., No. ED CV08-1627CAS(RCX), 2009 WL 2246238,* at *4 (C.D. Cal. July 27, 2009).  The Court in *Kittok*, explained that "remanding this case at this stage of the proceedings, after the Court has ruled on a motion for summary judgment, would be a waste of judicial resources." (*Id.*).

Defendant here cites to *Molski v. Hitching Post I Rest., Inc*., No. CV 04-1077SVWRNBX, 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) in support of its argument that this Court should decline supplemental jurisdiction.  *Molski*, however, is distinguishable.  In *Molski,* the court declined supplemental jurisdiction over plaintiff's state law claims under Unruh and the Disabled Persons Act.  The court in *Molski* found that the state claims raised complex state issues of law.  Specifically, at the time of the court's ruling statutory damages under the state law claims were unclear as to whether a plaintiff could recover daily damages.  The court held that since district courts were conflicted on this issue and no state law case was directly on point, this issue was better left to the state courts to decide.  The reasoning in Molski, however, no longer holds true today.  Specifically, "a later amendment to the [Unruh and California Disabled Patron] statutes in 2008 makes clear that damages are not available on a daily basis.  *Kohler v. Rednap, Inc*., 794 F. Supp. 2d 1091, 1094 (C.D. Cal. 2011).  "The amended statute makes clear that statutory damages under sections 52(a) and 54.3(a) are recoverable 'only if a violation or violations of one or more

**9**

construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." *Id.; see also* Cal. Civ.Code § 55.56.  The entire basis for the denying supplemental jurisdiction in *Molski* is thus no longer applicable.  Here, there are no complex or novel issues of state law, as it is clear that Plaintiff cannot recover daily damages under its Unruh claim.

Here, to require Plaintiff to proceed in state court on his Unruh claim while simultaneously proceeding in federal court for his ADA claim would be a complete waste of resources.  Plaintiff and Defendant would be required to engage in double the discovery and double the motion practice for claims that are entirely predicated on one another.  Accordingly, this Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### d. <u>Plaintiff's Election To File An ADA Claim In Federal Court is Not Forum Shopping</u>

Defendant argues that Plaintiff's assertion of an ADA claim is tantamount to forum shopping.  Defendants' argument seems to be that Plaintiff's ADA claim is insubstantial and frivolous and asserted solely for the purposes of asserting federal subject matter jurisdiction.  Again, this argument is not appropriate for a 12(b)(6) motion for failure to state a claim.  Instead, it appears that Defendant is arguing a lack of subject matter jurisdiction.  There is subject matter jurisdiction over federal-law claims unless they are "obviously frivolous." *Sea–Land Serv., Inc. v. Lozen Int'l, LLC,* 285 F.3d 808, 814 (9th Cir.2002); *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 98 (1998) (There is federal question jurisdiction unless the federal claim is "so insubstantial, implausible, foreclosed prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a"). "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone,* 197 F.3d 1003, 1008 (9th Cir.1999).  Moreover, a

**10**

federal claim is "insubstantial" if it is *so patently without merit* that it requires no meaningful consideration—i.e., "if its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of legitimate controversy." *Hagans v. Lavine*, 415 US at 538 (1974).

Notably, Defendant never alleges that any of the facts alleged in Plaintiff's complaint are untrue, or that an ADA violation has not occurred. Moreover, as explained previously, Plaintiff's ADA federal claim is not insubstantial as Plaintiff's Unruh claim rests entirely upon the violation of the ADA Federal claim. Without a violation of the federal ADA claim, Plaintiff cannot establish a violation of the Unruh Civil Rights Act. Here, it cannot reasonably be argued that Plaintiff's ADA claim is so attenuated from Plaintiff's Unruh claim such that Plaintiff's federal claim is obviously frivolous. Here, Plaintiff's ADA claim is not insubstantial or frivolous. This Court therefore should deny Defendants' Motion in its entirety.

## V.    CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety.


                              ASCENSION LAW GROUP, PC

DATE: May 30, 2017

                              _____/s/ Pamela Tsao

                              Pamela Tsao, attorney for Plaintiff

                              JOHN HO