THOMAS J. WEISS, State Bar No. 63167
tweiss@weisslawla.com
SHAWN ZAMAN, State Bar No. 306224
szaman@weisslawla.com
**LAW OFFICES OF THOMAS J. WEISS**
1925 Century Park East, Suite 2140
Los Angeles, California 90067
Telephone: (310) 788-0710
Facsimile: (310) 788-0735

Attorneys for Defendant QUARTZ HILL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JOHN HO, an individual.<br><br>           Plaintiff,<br><br>  vs.<br><br>QUARTZ HILL, LLC, a limited liability company,<br><br>           Defendants.<br>_____ | Case No. 8:17-cv-00551-DOC-SK<br><br>DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Hearing date: June 19, 2017<br>Time: 8:30am<br>Courtroom: 9D |

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

I.   SUMMARY OF REPLY: ................................................. 1

II.  PLAINTIFF IS A HIGH-FREQUENCY LITIGANT AND HIS STATE LAW CLAIMS SUBSTANTIALLY PREDOMINATE OVER THE ADA CLAIM, THEREFORE THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION FOR THE FOLLOWING REASONS: .............. 1

   (A.) A claim under the Unruh Act requires a plaintiff to allege an intentional act or omission on behalf of defendant and can be maintained without an ADA claim. ......................... 1

   (B.) Plaintiff ignores that Plaintiff's remedy for injunctive relief under the ADA is also available under the Unruh Act. Plaintiff does not and cannot dispute that the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief. ................................................. 3

   (C.) Plaintiff has no advantage — other than avoiding state-imposed pleading requirements — by being in federal court. ............ 3

   (D.) Plaintiff is not really seeking injunctive relief, his primary motive is a payday. The very issues in this case were decided in caselaw cited in the moving papers. ................................................. 3

   (E.) Intentionality is at the heart of Plaintiff's claims for relief and Plaintiff does not dispute this fact. ........................... 4

   (F.) Civil Code Sections 55.54 and 55.56 ......................... 4

III. CCP SECTION 425.55 IS SUBSTANTIVE. PLAINTIFF DOES NOT AND CANNOT CITE TO ANY CASES THAT STATES OTHERWISE ................................................. 5

**(A.)** **There is no caselaw on point in federal court which addresses CCP 425.55 and the facts of this case with the *Erie Doctrine (Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))**. . . . . . . . . . . . . . . . . . . . . 5

**(B.)** **Caselaw cited by Plaintiff are incongruent with the facts of this case and cites to case law that primarily relate to ADA claims for injunctive relief.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**(C.)** **Plaintiff Lacks Standing** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*(1)* *Plaintiff Mis-Cites Pickern* . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**(D.)** **Plaintiff does not and cannot cite to any authority that The federal courts have "occupied the field" concerning CCP 425.55 and its pleading requirement. This court should apply California state law on substantive issues.** . . . . . . . . . . . . . . . . . . . . . 9

**IV.** **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Disabled Americas for Equal Access, Inc. v. Ferries Del Caribe, Inc.*
    405 F.3d 60 (1st Cir. 2005) .................................................. 8

*Daubert v. City of Lindsay*
    37 F.Supp. 3d 1168 (E.D. Cal. 2014) .................................... 6

*Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th. Cir. 2008) ........................ 7

*Erie R.R. Co. v. Tompkins*
    304 U.S. 64, 58 S.Ct. 817 (1938) ..................................... 5, 9

*Earll v. eBay, Inc.,* No. 5:11-CV-00262-JF HRL
    2011 WL 3955485 (N.D. Cal. Sept. 7, 2011) ....................... 4, 9

*Greater Los Angeles Agency on Deafness, et al. v. Cable News Network, Inc.*
    (2014) 742 F.3d 414 .......................................................... 2

*Molski v. Arby's Huntington Beach*
    359 F. Supp. 2d 938 (C.D. Cal.2005) .................................. 8

*Molski v. Hitching Post I Rest., Inc.*
    No. CV 04-1077SVWRNBX, 2005 WL 3952248,
    (C.D. Cal. May 25, 2005) .................................................. 1, 4

*O'Campo v. Chico Mall, LP*
    758 F. Supp. 2d 976 (E.D. Cal.2010) .................................. 6

*Org. for the Advancement of Minorities v. Brick Oven Restaurant*
    406 F. Supp. 2d 1120 (S.D. Cal. 2005) ................................ 1, 4

*Parr v. L & L Drive-Inn Restaurant*
    96 F. Supp. 2d 1065 (D.Haw. 2000) ................................... 7, 8

*Pickern v. Holiday Quality Foods Inc.*
    293 F.3d 1133 (9th Cir. 2002) ........................................ 6, 7, 8

*Schutza v. McDonald's Corp.*
33 F. Supp. 3d at 1247 (S.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4
*United States of America v. Lockheed Missles & Space Company Inc.*
(1999) 190 F.3d 963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATE CASES**

*Munson v. Del Taco, Inc.*
46 Cal. 4th 661 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATE STATUTES**

Cal. Civ. Code, section 55.51 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Cal Civ. Code section 55.54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
Cal. Civ. Code section 55.56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
California Code of Civil Procedure, section 425.55 . . . . . . . . . . . . . . . . . . . . 1, 5, 9, 10

LAW OFFICES OF THOMAS J. WEISS
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CALIFORNIA 90067

## I.     SUMMARY OF REPLY:

1.     Plaintiff does not dispute that he is a high-frequency litigant.

2.     Plaintiff has no advantage - other than avoiding state-imposed pleading requirements - by being in federal court.

3.     This Court should not exercise its supplemental jurisdiction powers because Plaintiff's Unruh Act claims substantially predominate over his ADA claim and entails the application of state-law standards. Plaintiff places intentional discrimination at heart of his claims, which when combined with the monetary relief sought, suggest that his state claim overshadow his ADA claim.

4.     The same issues of this case were already decided by *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005); *Hitching Post I Rest.*, 2005 WL 3952248; and *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247 (S.D. Cal. 2015).

5.     As a high-frequency litigant primarily seeking relief under state law, the Court should find that it would be improper to allow Plaintiff to use federal court to avoid California's pleading requirement established in CCP section 425.55.

6.     CCP section 425.55 is not inconsistent with Federal Rules. Plaintiff does not and cannot cite to any authority that states otherwise.

## II.     PLAINTIFF IS A HIGH-FREQUENCY LITIGANT AND HIS STATE LAW CLAIMS SUBSTANTIALLY PREDOMINATE OVER THE ADA CLAIM, THEREFORE THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION FOR THE FOLLOWING REASONS:

**(A.)     A claim under the Unruh Act requires a plaintiff to allege an intentional act or omission on behalf of defendant and can be maintained without an ADA claim.**

This Court should exercise its supplemental jurisdiction powers in this case because Plaintiff's state law claim overshadows his ADA claim. Evident on the face of the Complaint, intentional discrimination is at the crux of Plaintiff's allegations.

LAW OFFICES OF THOMAS J. WEISS
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CALIFORNIA 90067

Plaintiff does not and cannot dispute the fact that "intentionality" is at the heart of his claims for relief, which when combined with the monetary relief sought, strongly suggests that his California State Unruh Act claim substantially predominates and this Court should not exercise supplemental jurisdiction. Plaintiff, on Page 2 lines 27 and 28 states "federal jurisdiction was premised on Plaintiff having filed a claim under the Americans with Disabilities Act - a federal statute." That is clearly untrue and a rouse to have this claim brought in federal court.

On Page 11, lines 11-12 of Plaintiff's Opposition, he states, "without a violation of the federal ADA claim, Plaintiff cannot establish a violation of the Unruh Civil Rights Act." This is false.

There are actually two avenues through which a plaintiff can establish an Unruh Act violation: (1) showing that the ADA has been violated (for which intentional discrimination is not required), or (2) showing intentional discrimination (which requires a heightened burden and factual showings). In *Greater Los Angeles Agency on Deafness et al. v. Cable News Network, Inc*. (2014) 742 F.3d 414, the plaintiffs did not plead that there was a violation of the ADA. Thus, the court considered the Unruh Act claim only on the intentional discrimination ground.

Thus, to establish a violation of the Unruh Act independent of a claim under the Americans with Disabilities Act ("ADA"), GLAAD must "plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Munson v. Del Taco, Inc*., 208 P.3d 623, 627 (2009) (internal quotation marks omitted).

Resolving the issue of intentional discrimination "entails application of state-law standards." *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247 (S.D. Cal. 2015) (finding that plaintiff's allegations of intentional discrimination was one of the main reasons why plaintiff's state law claims substantially predominated over his ADA claim). Thus, Plaintiff's allegation of intentional discrimination bolsters the conclusion

///

that his Unruh Act claim substantially predominates over his ADA claim. Plaintiff

completely ignored this case in his Opposition.

Plaintiff here did not solely plead that due to purported ADA violation that the Unruh Act violation was established, he placed intentionality at the heart of the issue. Therefore, Plaintiff does not need to allege a violation of the Federal ADA claim to assert the violation of the Unruh Civil Rights Act due to the fact that he used the "2nd avenue" as detailed above.

**(B.) Plaintiff ignores that Plaintiff's remedy for injunctive relief under the ADA is also available under the Unruh Act. Plaintiff does not and cannot dispute that the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief.**

Plaintiff attempts to discredit *Molski*, but artfully evades *Brick Oven* cited by Defendant which dealt with this exact issue where the Court found that statutory damages available under the Unruh Act substantially predominated over injunctive relief available under the ADA where the plaintiff alleged distinct violations that, if proven, could entitle him to an award of tens of thousands of dollars.

**(C.) Plaintiff has no advantage — other than avoiding state-imposed pleading requirements — by being in federal court.**

The ADA claim, which is clearly overshadowed by Plaintiff's Unruh Act claim is solely used to avoid Plaintiff pleading that he is a high-frequency litigant and also avoid paying the $1,000 high-frequency litigant filing fee. This is a prime example of forum shopping and gaming the system.

**(D.) Plaintiff is not really seeking injunctive relief, his primary motive is a payday. The very issues in this case were decided in caselaw cited in the moving papers.**

Plaintiff ignores his predominant focus of recovering monetary damages under state law. He alleged 7 distinct violations against Defendant in order to claim a monetary award of $28,000 under the Unruh Act. The statutory damages under Unruh predominate over injunctive relief under the ADA. The fact that Plaintiff also alleges

1  intentional discrimination (which is unnecessary to establish a violation under the
2  ADA) and solely relevant to his state law claims against Defendant, is evidence that
3  such state law claims are predominate in this case.

4  Plaintiff does not and cannot oppose the plethora of caselaw on this very issue.
5  *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120,
6  1129 (S.D. Cal. 2005) (finding that statutory damages available under the Unruh Act
7  substantially predominated over injunctive relief available under the ADA where the
8  plaintiff alleged distinct violations that, if proven, could entitle him to an award of
9  $56,000 *see also Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX,
10 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) (finding that statutory damages
11 available under the Unruh Act substantially predominated over injunctive relief
12 available under the ADA where the plaintiff alleged 13 allegations that, if proven,
13 would entitle plaintiff to an award of $52,000).

**(E.) Intentionality is at the heart of Plaintiff's claims for relief and Plaintiff does not dispute this fact**.

Plaintiff places intentional discrimination at the heart of his claims for relief, which when combined with the monetary relief sought, evidence that the Unruh Act claim substantially predominates. Intentional discrimination is unnecessary to establish a violation under the ADA. In *Earll v. eBay, Inc.*, No. 5:11-CV-00262-JF HRL, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011), the case held that A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the Act and *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247 (S.D. Cal. 2015) held that resolving the issue of intentional discrimination "entails application of state-law standards."

Plaintiff does not and cannot dispute this relevant caselaw on this point.

/ / /

**(F.) Civil Code Sections 55.54 and 55.56**

Plaintiff, in Page 6 lines 22-24 asserts that "section 55.54 has no application in Federal Court," but this statement is made with absolutely no justification, caselaw, or any substantiation. Furthermore, Plaintiff essentially states in his Opposition that "California Civil Code 55.56 entitled Defendant to a reduction of statutory damages, therefore there is no need to plead that he is a high frequency litigant." However, Plaintiff is telling this Court not to apply <u>any</u> California law, therefore, the Court to apply Cal. Civ. Code 55.56 would be contrary to Plaintiff's assertions. Plaintiff wants this Court to apply 55.56 but not 55.54 but ignores the fact that 55.54's heightened pleading requirement contains even more protections to defendant than 55.56.

### III. CCP SECTION 425.55 IS SUBSTANTIVE. PLAINTIFF DOES NOT AND CANNOT CITE TO ANY CASES THAT STATES OTHERWISE

**(A.) There is no caselaw on point in federal court which addresses CCP 425.55 and the facts of this case with the *Erie Doctrine (Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))**.

Plaintiff, on Page 7 lines 23-26 states "...the state law requirement that Plaintiff plead that he is a high frequency litigant is procedural and not substantive requirement which this federal Court should not apply" contains absolutely no justification and no substantiation for such an assertion. Plaintiff cites to no case law to bolster such a claim, because no caselaw on point exists. In fact, Defendant cited to caselaw that suggests otherwise in its moving papers.

There are no federal interests that would be undermined by the application of CCP section 425.55. On the other hand, as noted in Defendant's moving papers, California has articulated the important substantive state interests furthered by the CCP 425.55 statute.

**(B.) Caselaw cited by Plaintiff are incongruent with the facts of this case and cites to case law that primarily relate to ADA claims for injunctive relief.**

Caselaw cited by Plaintiff in its Opposition concern Plaintiff's seeking injunctive relief for ADA violations and not monetary relief. Caselaw cited by Plaintiff

are not analogous to this case and are irrelevant.

*O'Campo v. Chico Mall, LP*, 758 F.Supp. 2d 976, 983 (E.D. Cal. 2010), did not hold that mandatory requirements for bringing state claims, unrelated to one's ability to proceed under the ADA, were unenforceable. In a matter of apparent first impression, in a disabled shopper's construction-related accessibility action against a shopping mall, a federal court determined that the ADA preempted California's Construction-Related Accessibility Standards Compliance Act [Civ. Code, §§ 55.51 to 55.54] ***to the extent it applied to the shopper's ADA claim***; the California Act conflicted with the ADA, since the ADA had no provision for a mandatory stay or early settlement conference required by state law.

Plaintiff attempts to confuse the Court by citing to cases that primarily relate to the ADA claims. However, this case is unlike *O'Campo*, whereby the heart of Plaintiff's claim is the Unruh claim, not the ADA claim as established in the moving papers and re-iterated above. *O'Campo* does not make a determination as to whether the Plaintiff's Unruh Act claims in that lawsuit predominate over his ADA claim.

Plaintiff then cites to *Daubert v. City of Lindsay,* 37 F.Supp. 3d 1168, 1179 (E.D. Cal. 2014), Plaintiff in that case sought ADA relief and declined to seek remedies under the California Civil Code Section, unlike the Plaintiff here. The ADA does not provide mandatory stays and early evaluation conferences to accommodate site inspections. "Any state law requirement that a claim brought under the ADA be subjected to such a procedure, then, clearly conflicts with federal law." *O'Campo v. Chico Mall, LP*, 758 F.Supp.2d 976, 985 (E.D. Cal. 2010). However, that is dealing solely with the ADA violation in a situation where the Plaintiff did not bring Unruh Act violations claiming monetary damages for an award. Plaintiff's Unruh Act cause of action predominates over any ADA claim.

Plaintiff also cites to *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133 (9th Cir. 2002) where the Plaintiff sought injunctive relief and not monetary relief as its predominate form of relief. This case, as explained in the moving papers, shows that

1  Plaintiff's predominant motive is to receive monetary relief and Plaintiff cannot avoid
2  this.

3  **(C.)   Plaintiff Lacks Standing**

4  The caselaw that Plaintiff cites to dealt with injuries whereby the Plaintiff visited
5  the property on more than one occasion, or alternatively, plead an intent to visit the
6  property again. Plaintiff in this case did not plead as such and therefore has no
7  standing.

8  Plaintiff cited to Doran v. 7-Eleven, 524 F.3d 1034, 1044 (9th. Cir. 2008) In that
9  case, Doran has suffered an injury that is concrete and particularized because he
10 alleged in his amended complaint that he personally suffered discrimination as a result
11 of the barriers in place during his visits to 7–Eleven and that those barriers have
12 deterred him **on at least four occasions** from patronizing the store. *See Pickern*, 293
13 F.3d at 1137–38; see also *Parr v. L & L Drive–Inn Rest.*, 96 F.Supp. 2d 1065, 1079 (D.
14 Haw. 2000) ("Plaintiff's desire to patronize Defendant's restaurant free from
15 discrimination is clearly a cognizable interest for the purposes of standing."). Plaintiff
16 in this case did not plead as such.

17 Plaintiff then cited to *Pickern and Doran v. Holiday Foods,* 293 F.3d 1133 (9th
18 Cir. 2002). In that case, Doran brought suit challenging architectural barriers in a
19 Holiday Foods grocery store in Paradise, California that was 70 miles from his home,
20 but near the home of his grandmother who he visited frequently. Id. at 1135. Before
21 filing suit, **Doran had visited the Paradise Holiday Foods only twice**. Id. at 1136.
22 During his first visit, which occurred outside the relevant statute of limitations period,
23 Doran personally encountered architectural barriers. Id. at 1135. During Doran's
24 second visit, because of the barriers in the store, he had to wait in the parking lot while
25 his companion went into the store on his behalf. Id. at 1136. In this case, Plaintiff did
26 not visit the property more than once nor did he even plead he had an intent to ever go
27 back.

28  *(1)   Plaintiff Mis-Cites Pickern*

In Plaintiff's Opposition, Page 4 lines 3-5 he states "Plaintiff need not engage in the futile gesture of trying once again access the inaccessible Property to establish an injury. *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1135 (9th Cir. 2002) did not state as such. In fact, *Pickern*, not only dealt with a Plaintiff that visited the property **on more than one occasion**, but the holding was " **the Ninth Circuit concluded the plaintiff was not required to make the "futile gesture" of attempting to gain access during the statute of limitations period."** The "futile gestures" as described by the Court were regarding the statute of limitations period for the injury, not to "establish injury" as cited by Plaintiff. The Court in *Pickern* stated, "Additionally, in analyzing whether the plaintiff satisfied Article III's standing requirement for injunctive relief, the court held that personally encountering some barriers that prohibit access to a public accommodation, **coupled with a desire and intention to return to the store if it is made accessible, is sufficient for purposes of standing**." Id. at 1138. In the words of the Ninth Circuit, the plaintiff "has visited Holiday's Paradise store in the past and states that he has actual knowledge of the barriers to access at the store. [Plaintiff] also states that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury for purposes of standing." 9 Id. at 1138. Plaintiff in this case never plead such desire or intent to return in the Complaint. Therefore, that case is not analogous to this one.

Furthermore, in *Molski v. Arby's Huntington Beach*, 359 F.Supp. 2d 938, 947 (C.D. Cal. 2005) held that a plaintiff suffered actual and imminent injury when he alleged (1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied); *Parr*, 96 F.Supp.2d at 1079 (noting that past patronage plus a sincere intent to return renders an injury actual or imminent); see also *Disabled Ams. for Equal Access, Inc. v. Ferries Del Caribe, Inc.*, 405 F.3d 60, 64 (1st Cir. 2005) (granting standing to an ADA plaintiff who had visited

a cruise ship on three previous occasions and averred an intent to do so again at some nonspecific future time).

**Here, No such allegation was ever made by Plaintiff.** Plaintiff never alleged that he had desire or intention to return to the property if made accessible. Plaintiff solely plead that he went to the property once. This case is incongruent with the caselaw cited concerning Plaintiff injuries in other cases. District Courts have dismissed ADA cases when Plaintiff offered only vague allegations about future plans to visit the defendant's property, in this case, Plaintiff did not even make those allegations.

**(D.) Plaintiff does not and cannot cite to any authority that The federal courts have "occupied the field" concerning CCP 425.55 and its pleading requirement. This court should apply California state law on substantive issues.**

Plaintiff completely ignores that Federal Courts have applied California Anti-SLAPP law to state court causes of action brought in Federal Court for this very reason, to stop the incentive for Plaintiffs to shop for a federal forum and to overcome the protections of the statute afforded to defendants in state court and cannot dispute this.

If there is no direct conflict, the Court must follow the Erie Doctrine and apply state law on substantive issues and federal law on procedural issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Plaintiff cites to no caselaw that suggests that there is such a conflict between CCP 425.55 and Federal law. The Federal Courts have not "occupied the field" on this issue and there is no caselaw to suggest that it has. Caselaw that Plaintiff cites to in his Opposition regarding the "early evaluation conference" again deals with cases where the ADA violation is predominant or where the relief sought by Plaintiff is injunctive relief. That is not the case here.

In fact, Defendant's moving papers shows that the federal courts dealt with a situation analogous to CCP 425.55, California's ANTI-SLAPP statute. In *United States*

*of America v. Lockheed Missles & Space Company Inc.,* (1999) 190 F.3d 963 if the anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Id. Conversely, a litigant otherwise entitled to the protections of the Anti–SLAPP statute would find considerable disadvantage in a federal proceeding. Due to gamesmanship and forum shopping, federal courts routinely apply California's Anti-SLAPP statute for this very reason.

The gamesmanship of forum shopping is something that the Erie Doctrine was designed to deter and Federal Court's have realized the gamesmanship concerning California's anti-SLAPP statute and should do the same for CCP 425.55.

## IV. CONCLUSION

Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint due to his systematic and well-established pattern of abusive ADA litigation. The filing of the Complaint in this Court via the facade of the ADA being the predominant cause of action is used as a ploy to avoid CCP 425.55 and to forum shop.

Dated: June 5, 2017          **LAW OFFICES OF THOMAS J. WEISS**


                             By: /s/     Shawn Zaman
                             Shawn Zaman, attorneys for Defendant