**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-551-DOC (SKx)          Date: June 8, 2017

Title: JOHN HO V. QUARTZ HILL LLC

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [9]**

Before the Court is Defendant Quartz Hill LLC's ("Defendant") Motion to Dismiss ("Motion") (Dkt. 9). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court DENIES the Motion.

**I.**     **Background**

The following facts are drawn from Plaintiff John Ho's ("Plaintiff") Complaint ("Compl.") (Dkt.1).

Plaintiff is a T-12 paraplegic who is unable to walk or stand and requires the use of a wheelchair at all times when traveling in public. Compl. ¶ 8. Plaintiff lives near the business complex located at 14024 Magnolia St., Westminster, CA 92683-4736 (the "Property"). *Id*. ¶ 1. Plaintiff frequents the area several times a month for dining and entertainment purposes. *Id*. The Property is a sales or retail establishment that is open to the public. *Id*. ¶ 9. Defendant is or was at the time of the incident the owner, operator, lessor and/or lessee of the Property. *Id*. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-551-DOC (SK)                                                Date: June 8, 2017
                                                                                                                                Page 2

On June 12, 2015, Plaintiff attempted to patronize the Property. *Id.* ¶ 9. Plaintiff encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges and accommodations offered at the Property. *Id.* ¶ 10. Plaintiff alleges the following barriers:

      a. Parking spaces are not properly configured or have faded paint;

      b. Accessible parking spaces do not have the required signage;

      c. Accessible parking spaces are not accompanied with properly configured access aisles;

      d. Pathways and walkways are too narrow and or sloped;

      e. There are no accessible pathways connecting the various buildings on the Property;

      f. On information and belief, there are an insufficient number of spaces designated as accessible.

*Id.* As a result of the alleged barriers, Plaintiff was deterred from visiting the Property. *Id.* ¶ 12.

Plaintiff alleges that Defendant knew the barriers made the Property inaccessible to the physically disabled, and that Defendant has the financial resources to remove these barriers without much difficulty or expense. *Id.* ¶ 13. Defendant has not removed these barriers. *Id.*

## II.    Procedural History

Plaintiff filed suit on March 27, 2017, alleging two claims: (1) violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* and 42 U.S.C. § 12181, *et seq.*; and (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52.

Defendant filed the instant Motion on May 22, 2017. Plaintiff opposed on May 30, 2017 (Dkt. 13). Defendant replied on June 5, 2017 (Dkt. 14).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-551-DOC (SK)                                          Date: June 8, 2017
                                                                                                                              Page 3

## III. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction due to a plaintiff's lack of Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (stating Article III standing bears on the court's subject matter jurisdiction, and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1)).

Defendant makes both facial and factual attacks on the sufficiency of Plaintiff's Complaint. In a facial attack, subject matter jurisdiction is challenged solely based on the allegations in the complaint, attached documents, and judicially noticed facts. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, a court is required to accept as true all factual allegations set forth in the complaint, to the extent that all such allegations are not contradicted by the documents incorporated by reference. *See id.*

In a factual attack, subject matter jurisdiction is challenged as a matter of fact, and the challenger "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In assessing the validity of a factual attack, a court is not required to presume the truth of the plaintiff's factual allegations. *Id.*

## IV. Discussion

In its Motion, Defendant argues that: (1) Plaintiff lacks standing, (2) the Court should decline supplemental jurisdiction, and (3) Plaintiff fails to meet California pleading requirements.

### A. Standing

#### 1. Legal Standard

Courts are to take a "broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-551-DOC (SK)                                             Date: June 8, 2017
                                                                                                                              Page 4

At an irreducible constitutional minimum, an plaintiff must show three elements to establish standing. *Chapman v. Pier 1 Imps. (U.S.), Inc*., 631 F.3d 939, 956 (9th Cir. 2011). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is concrete, particularized, and imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548–49 (2016), *as revised* (May 24, 2016). In *Spokeo*, the Supreme Court made clear that "concrete" is not "necessarily synonymous with 'tangible'" and indicated a "risk of real harm" could satisfy the concreteness requirement. *Id*. at 1549. Second, there must be a causal connection between the injury and the challenged conduct. *Lujan*, 504 U.S. at 560. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. Ultimately, a plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561. "Even if a claim satisfies the three elements of standing to sue for past illegal conduct, to sustain standing for injunctive relief, a claimant must also establish a 'real and immediate threat of repeated injury.'" *Chapman*, 631 F.3d at 956 (citing *Fortyune v. Am. Multi-Cinema, Inc*., 364 F.3d 1075, 1081 (9th Cir. 2004)).

In the ADA context, the Ninth Circuit finds an "injury in fact" sufficient to support standing where a barrier deters a disabled person from returning to a place of business. *Pickern v. Holiday Quality Foods, Inc*., 293 F.3d 1133, 1137 (9th Cir. 2002). This is known as the "deterrent effect doctrine." *Id*. A plaintiff may have standing under the deterrent effect doctrine if he encountered barriers related to his disability and is thereby deterred from returning. *Chapman*, 631 F.3d at 944; *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008); *Doran*, 524 F.3d at 1040; *Brooke v. Peterson*, SACV160435AGDFMX, 2016 WL 2851440, at *6 (C.D. Cal. May 13, 2016), *appeal dismissed* (July 1, 2016). The court in *Peterson* held that because virtually all Ninth Circuit precedent uses the word "return" when referring to the deterrent effect doctrine, plaintiffs must show that they actually visited the place of business some time before filing their claim in order to invoke the doctrine. *Peterson*, 2016 WL 2851440, at *6.

To be entitled to injunctive relief—the only relief available to private plaintiffs under the ADA—a plaintiff must demonstrate "likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties." *Chapman*, 631 F.3d at 946, 949. To evaluate an ADA plaintiff's likelihood of future injury, courts have considered: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-551-DOC (SK)                                              Date: June 8, 2017
                                                                                                                                               Page 5

and (4) plaintiff's frequency of travel near defendant." *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. Dec. 16, 2005).

        **2.**        **Analysis**

Here, Plaintiff has pleaded all the elements required to establish standing. First, Plaintiff alleges an "injury-in-fact" resulting from Defendant's act, pleading that as a result of the construction barriers, he was deterred from visiting the Property. Compl. ¶ 12; *see Pickern*, 293 F.3d at 1137.

Second, there is a direct causal connection between Plaintiff's injury and Defendant's act. Plaintiff alleges that Defendant is or was at the time of the incident the owner, operator, lessor and/or lessee of the Property. *Id*. ¶ 7. Additionally, he pleads that Defendant has sufficient control and authority to modify the Property to remove the barriers. *Id*. ¶ 14. Accordingly, Defendant is responsible for the barriers Plaintiff faced.

Third, Plaintiff's injury can be redressed by the Court because courts can grant injunctive relief for ADA violations. *See Chapman*, 631 F.3d at 946.

Moreover, Plaintiff has sufficiently alleged his "likelihood of future injury" to meet the requirement for injunctive relief. Plaintiff pleads that he lives nearby and frequents "the area" several times a month for dining and entertainment purposes. Compl. ¶ 1. The Court interprets "the area" to encompass and include the Property. Additionally, Plaintiff alleges that he attempted to patronize the Property on June 12, 2015, when the barriers interfered with his ability to use and enjoy the goods, services, and accommodations offered there. *Id*. ¶¶ 9, 10. Because Plaintiff claims that he was deterred from returning to the Property, *Id*. ¶ 12, he need not plead that he repeatedly returned to the Property.

Finally, Defendant also argues that Plaintiff lacks standing because he lacks credibility. Mot. at 14. Defendant points to the fact that Plaintiff has filed at least forty-five federal suits in the Central District of California within the last year, and at least 411 other lawsuits in both state and federal courts within the past few years. *Id*. at 1. Because Defendant is attempting to introduce evidence of these unrelated cases, Defendant's challenge is a factual attack on Plaintiff's standing. However, Defendant's challenge here is not a factual attack on *allegations* that establish Plaintiff's standing (allegations about Defendant's ADA violations), but rather an attack on *Plaintiff* as a serial litigant. Without more, Plaintiff's litigation history is not relevant to the issue of standing in this case. Indeed, in *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1061 (9th Cir. 2007), the Ninth Circuit held that a plaintiff's numerous complaints, "standing alone,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-551-DOC (SK)                             Date: June 8, 2017
                                                                                          Page 6

[are] not a basis for designating a litigant as 'vexatious.' . . . Accessibility barriers can be, and often are, similar in different places of public accommodation."

Accordingly, the Court finds that Plaintiff has sufficiently established his standing.

**B.     Supplemental Jurisdiction**

**1.     Legal Standard**

Under 28 U.S.C. § 1367(c):

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"While the presence of any of these factors will authorize the Court to decline to exercise supplemental jurisdiction over state-law claims, the Court's discretion 'is informed by the . . . values of economy, convenience, fairness, and comity.'" *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1093 (C.D. Cal. June 28, 2011). District courts enjoy broad discretion in determining whether to retain jurisdiction over pendent state law claims. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000, *supplemented*, 121 F.3d 714 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

**2.     Analysis**

Defendant argues the Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim because the state claim substantially predominates over

Case 8:17-cv-00551-DOC-SK Document 15 Filed 06/08/17 Page 7 of 9 Page ID #:148

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-551-DOC (SK)  Date: June 8, 2017
Page 7

Plaintiff's federal claim, and because there are other compelling reasons for declining jurisdiction.[1]

### a. Plaintiff's State Law Claim Does Not Predominate Over His Federal Claim

The Court is unpersuaded by Defendant's argument that Plaintiff's state law claim substantially predominates over his ADA claim. Defendant claims "the Court should find that the monetary damages sought by Plaintiff under the Unruh Act substantially [predominate] over federal injunctive relief." Mot. at 8. District courts in the Ninth Circuit have split on this issue.[2]

Here, the Court finds that Plaintiff's state law claim under the Unruh Act does not predominate over his federal ADA claim. "The mere fact that the state claims allow for recovery of monetary damages, whereas the ADA provides for injunctive relief only, does not lead to the conclusion that the state claims substantially dominate the federal claim." *Wilson v. PFS LLC*, No. 06CV1046WQH(NLS), 2006 WL 3841517, at *6 (S.D. Cal. Nov. 2, 2006) (citing *Chavez v. Suzuki*, No. 05CV1569 BTM(BLM), 2005 WL 3477848, at *2 (S.D. Cal. Nov. 30, 2005)). Although the "availability of damages means that the state-law claim[] present[s] a slightly larger scope of issues and offer[s] more comprehensive remedies," the Court "does not find that this causes the state-law claim[] to substantially predominate this litigation." *Rednap*, 794 F. Supp. 2d at 1096.

### b. Judicial Economy

"[E]ven were the Court to find that [Plaintiff's] state law claims substantially predominate over his federal claim, it would retain jurisdiction based on the 'values of economy, convenience, fairness, and comity.'" *Islands Rests.*, 956 F. Supp. 2d at 1176 (citing *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v.*

---

[1] Defendants do not dispute that all of Plaintiff's claims "form part of the same case or controversy" as required by 28 U.S.C. § 1367.

[2] *See Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1048 (N.D. Cal. Feb. 18, 2009) (holding that Unruh Act claims do not clearly predominate over ADA claims); *Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1194 (E.D. Cal. Jan. 5, 2015) (same); *Kohler v. Islands Rests., LP*, 956 F. Supp. 2d 1170, 1176 (S.D. Cal. July 24, 2013) (same). *But see Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. Sept. 15, 2005) (holding statutory damages under the Unruh Act substantially predominate over injunctive relief under the ADA); *Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX, 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) (same); *Feezor v. Tesstab Operations Group, Inc.*, 524 F. Supp. 2d 1222, 1224 (S.D. Cal. Dec. 17, 2007) (same); *Grutman v. Regents of the Univ. of Cal.*, 807 F. Supp. 2d 861, 870 (N.D. Cal. Aug. 2, 2011) (same).

Case 8:17-cv-00551-DOC-SK Document 15 Filed 06/08/17 Page 8 of 9 Page ID #:149

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-551-DOC (SK)                                                         Date: June 8, 2017
Page 8

*Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)); *see also Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997).

      Here, Plaintiff's state and federal law claims "require a very similar . . . showing in order to succeed." *Delgado v. Orchard Supply Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011). This is especially true because, a violation of the ADA constitutes a violation of the Unruh Act under California Civil Code § 51(f). Thus, as was the case in *Delgado*, "[i]f this [C]ourt forced plaintiff to pursue [her] state law claim[] in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's defendant's, and the two court's resources." *Id.*; *see also Rednap*, 794 F. Supp. 2d at 1096 ("It is clearly more convenient and economical for the ADA claim and state-law claims based on those same ADA violations to be litigated in one suit."). "Moreover, comity does not counsel in favor of declining jurisdiction here, where state law incorporates the federal substantive standard and simply provides additional remedies." *Rednap*, 794 F. Supp. 2d at 1096. Finally, the Court "does not find it unfair to have the state-law claims litigated in this forum, rather than in a separate, and largely redundant, state-court suit." *Id.*

      The Court also notes that declining to exercise supplemental jurisdiction under the circumstances of this case would "'effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act.'" *Islands Rests.*, 956 F. Supp. 2d at 1176 (quoting *Delgado*, 826 F. Supp. 3d at 1221).

      Moreover, the Court finds that exercising jurisdiction over Unruh Act claims makes sense as a matter of policy. Allowing plaintiffs to bring both ADA and Unruh Act claims in one lawsuit encourages plaintiffs to bring both causes of action, resulting in more impactful litigation that serves as an *ex ante* incentive to businesses to rectify construction barriers in violation of the ADA and the Unruh Act before a lawsuit is filed. This furthers the legislative purpose of the two acts, which generally aim to eliminate discrimination against people with disabilities. *See* Cal Civ Code § 51(b); 42 U.S.C. § 12182(a).

      Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

### C.     Pleading Requirement

      Federal courts considering claims under state law apply federal procedural law and state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see Hanna v.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 17-551-DOC (SK) | Date: June 8, 2017 |
| | Page 9 |

*Plumer*, 380 U.S. 460, 465 (1965). The Supreme Court in *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996), however, recognized that "classification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." District courts in this circuit have consistently held that under the *Erie* doctrine, federal courts apply federal pleading requirements; state pleading requirements even as to state law claims are irrelevant. *First Class Vending, Inc. v. Hershey Co.*, No. CV1501188MWFFFMX, 2015 WL 12426155, at *6 (C.D. Cal. July 28, 2015); *Verma v. Okev*, No. 2:13-CV-00865-MCE, 2013 WL 6887532, at *8 (E.D. Cal. Dec. 31, 2013); *JTS, Inc. v. City of Seattle*, No. C13-663RAJ, 2013 WL 5913229, at *5 (W.D. Wash. Nov. 4, 2013); *Simmons v. Am. Airlines*, No. C-01-1074-JCS, 2002 WL 102604, at *2 (N.D. Cal. Jan. 23, 2002); *Clark v. Allstate Insurance Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. July 27, 2000).

      Here, Plaintiff has met the federal pleading requirements for his Unruh Act claim under Federal Rule of Civil Procedure 8. Plaintiff alleges that he is disabled and that the Property (owned or significantly controlled by Defendant) has construction barriers that deter him from revisiting the business. Compl. ¶¶ 7, 8, 10, 12. Plaintiff also alleges that Defendant knew the barriers made Property inaccessible for the physically disabled and that Defendant has the financial resources to remove these barriers without much difficult or expense. *Id*. ¶ 13. Defendant has not removed those barriers. *Id.* Therefore, Plaintiff has pleaded all the elements of an Unruh Act violation.

**V.**    **Disposition**

      For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss.

      The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |