UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0551-DOC (SKx)　　　　　　　Date: August 1, 2017

Title: JOHN HO V. QUARTZ HILL LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE [18]**

Before the Court is Plaintiff John Ho's ("Plaintiff") Motion to Strike ("Motion") (Dkt. 18). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering the parties' arguments, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

**I.   Background**

In providing background, the Court uses the facts as set out in Plaintiff's Complaint ("Compl.") (Dkt. 1) and Defendant Quartz Hill LLC's ("Defendant") Answer ("Answer") (Dkt. 16).

Plaintiff is a T-12 paraplegic who is unable to walk or stand, and thus requires the use of a wheelchair at all times when traveling. Compl. ¶ 8. Plaintiff lives near the business complex located at 14024 Magnolia St., Westminster, CA 92683-4736 (the "Property"). *Id*. ¶ 1. Plaintiff frequents the area several times a month for dining and entertainment purposes. *Id*. The Property is a sales or retail establishment that is open to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 17-0551-DOC (SK) | Date: August 1, 2017 |
| | Page 2 |

the public. *Id*. ¶ 9. Defendant is or was at the time of the incident the owner, operator, lessor and/or lessee of the Property. *Id*. ¶ 7.

On June 12, 2015, Plaintiff attempted to patronize the Property. *Id*. ¶ 9. Plaintiff encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. *Id*. ¶ 10. Plaintiff alleges the following barriers:

> a. Parking spaces are not properly configured or have faded paint;
>
> b. Accessible parking spaces do not have the required signage;
>
> c. Accessible parking spaces are not accompanied with properly configured access aisles;
>
> d. Pathways and walkways are too narrow and or sloped;
>
> e. There are no accessible pathways connecting the various buildings on the Property;
>
> f. On information and belief, there are an insufficient number of spaces designated as accessible.

*Id*. Plaintiff alleges that as a result of the alleged barriers, he was deterred from visiting the Property. *Id*. ¶ 12.

Plaintiff alleges that Defendant knew the barriers made the Property inaccessible to the physically disabled, and that Defendant has the financial resources to remove these barriers without much difficulty or expense. *Id*. ¶ 13. Defendant has not removed these barriers. *Id.*

## II.  Procedural History

Plaintiff filed suit on March 27, 2017, bringing two claims: (1) violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. and 42 U.S.C. § 12181, *et seq*.; and (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52.

On June 8, 2017, the Court denied Defendant's Motion to Dismiss ("Order") (Dkt. 15), holding that Plaintiff had sufficiently established standing, that the Court would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0551-DOC (SK)                       Date: August 1, 2017
                                                                                                                 Page 3

exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, and that Plaintiff's Unruh Act claim had met the pleading standard.

On June 13, 2017, Defendant filed its Answer.

Plaintiff filed the instant Motion on July 5, 2017. Defendant opposed on July 17, 2017 (Dkt. 19). The reply was due on July 24, 2017 and no reply was filed.

### III. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008); *see also RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic.").

"Nevertheless, where a motion to strike will 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial,' the motion will be well-founded." *Pepsico, Inc. v. J.K. Distributors, Inc.*, No. 8:07CV00657 FMCCTX, 2007 WL 2852647, at *1–2 (C.D. Cal. Sept. 14, 2007) (quoting *Sidney-Vinstein v. A.H. Robins Co .*, 697 F.2d 880, 885 (9th Cir. 1983)).

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that leave to amend should be granted even if no request to amend was made). Barring amendments is appropriate only when the court is satisfied that the deficiencies could not possibly be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In the motion to strike context, "[l]eave to amend will be freely granted so long as no prejudice results to the moving party." *ADP Commer. Leasing, Inc. v. M.G. Santos, Inc.*, No. CV F 13-0587 LJO SKO, 2013 WL 3863897, at *9 (E.D. Cal. July 24, 2013) (quoting *Dodson v. Munirs Co.*, 2013 WL 3146818, at *8 (E.D. Cal. 2013)).

### IV. Discussion

Plaintiff moves to strike twenty-two of Defendant's affirmative defenses.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0551-DOC (SK)                                                        Date: August 1, 2017
                                                                                                                     Page 4

Plaintiff asks the Court to strike Defendant's first, second, third, fourth, fifth, tenth, fourteenth, eighteenth, twenty-first, and twenty-second affirmative defenses on the grounds that they are factually insufficient. Mot. at 2–6.

Plaintiff asks the Court to strike Defendant's sixth, seventh, eighth, ninth, eleventh, twelfth, thirteenth, nineteenth, twenty-fourth, twenty-seventh, and twenty-eighth affirmative defenses on the grounds that they are legally insufficient. *Id*. at 6–10.

Plaintiff asks the Court to strike Defendant's twenty-third affirmative defense as redundant because it is the same as the eighteenth affirmative defense. *Id*. at 10.

### A.     Striking Defenses as Factually Insufficient

A court may strike a defense if it is unrelated to the claims, or if it is insufficiently pleaded. *See Friedman*, 580 F. Supp. 2d at 994 (granting motion to strike a request for damages because the claim upon which damages were requested was not valid). "An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading." *ADP Commer. Leasing*, 2013 WL 3863897, at *9 (citing *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)).

Fed. R. Civ. P. 8(b)(1)(A) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." "In pleading an affirmative defense, a party must give 'fair notice of what the [affirmative defense] is and the grounds upon which it rests.'" *ADP Commer. Leasing*, 2013 WL 3863897, at *9 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

"Neither the Supreme Court nor the Ninth Circuit has expressly held that the plausibility requirement applies to affirmative defenses, and the issue has divided the district courts of this Circuit." *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013). Courts within the Northern District of California appear to have found that the plausibility standard does apply to affirmative defenses. *ABC Distrib., Inc. v. Living Essentials LLC*, No. 15-CV-02064 NC, 2016 WL 8114206, at *1 (N.D. Cal. Apr. 26, 2016). However, many courts in the Central District of California have found that affirmative defenses only need to meet the pleading requirements of Federal Rule of Civil Procedure 8(b)(1)(A). *See, e.g.*, *Belvedere P'ship, Ltd. v. SSI Inv. Mgmt., Inc*., No. 210CV01205JHNPLAX, 2010 WL 11508362, at *2 n.1 (C.D. Cal. May 12, 2010). This Court agrees with those courts, and declines to extend the plausibility pleading standard to affirmative defenses. *See Simmons v. Navajo Cty., Ariz*., 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *see also*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0551-DOC (SK)                                      Date: August 1, 2017
                                                                                                                          Page 5

*Cloud B, Inc. v. Glopo, Inc.*, 14-CV-00896 BRO (RZx), Dkt. No. 26 at 7 (C.D. Cal. June 5, 2014) ("Though the Ninth Circuit has not squarely addressed whether a heightened pleading standard is applicable to affirmative defenses, it has implicitly ruled that the fair notice standard applies."); *Vogel v. OM ABS, Inc.*, No. CV 13-01797 RSWL JEM, 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014) ("Without binding authority expanding the scope of *Twombly/Iqbal,* the Court finds that the traditional standard of fair notice to the plaintiff is still applicable to the pleading of affirmative defenses.").

"Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense," but a "detailed statement of facts is not required." *Eurow & O'Reilly Corp. v. Superior Mfg. Group, Inc*., No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (quoting *Amini Innovation Corp. v. McFerran Home Furnishings Inc*., No. CV–13–6496–RSWL, 2014 WL 360048, at *2 (C.D. Cal. Jan. 31, 2014)); *see also Islands*, 280 F.R.D. at 564 (holding that although an affirmative defense need not be supported by detailed factual allegations, it must at least give notice of the grounds upon which it rests); *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) ("The defendant must articulate the affirmative defense clearly enough that the plaintiff is not a victim of unfair surprise."). An affirmative defense that "simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case" is insufficient to provide fair notice to plaintiff and will not withstand a motion to strike. *PepsiCo*, 2007 WL 2852647, at *2.

        **1.**       **First Affirmative Defense (Failure to State a Claim)**

In its first affirmative defense, Defendant alleges only that "[t]he complaint, and each and every claim alleged therein, fails to state a claim upon which relief may be granted." Answer at 3. The court in *Islands*, 280 F.R.D. at 567, found that mere identification of a defendant's failure to state a claim defense was insufficient to provide plaintiff "fair notice." *See also Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. Feb. 12, 2013). This Court agrees.

Accordingly, the Court STRIKES Defendant's first affirmative defense WITH LEAVE TO AMEND.

        **2.**       **Second, Fourth, and Fifth Affirmative Defenses (Estoppel, Waiver, and Laches)**

In its second, fourth, and fifth affirmative defenses, Defendant asserts that Plaintiff's claims are barred by the doctrines of estoppel, waiver, and laches. Answer at 3.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0551-DOC (SK)                                                          Date: August 1, 2017
                                                                                                                     Page 6

The court in *Staples* found that statements merely invoking a doctrine are insufficient to provide fair notice. *Staples* 291 F.R.D. at 470 (striking the defenses because defendant provided no basis for the defenses, and "a reference to a doctrine . . . is insufficient notice" (quoting *Qarbon.com Inc. v. eHelp Corp*., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004))).

Accordingly, the Court STRIKES Defendant's second, fourth, and fifth affirmative defenses WITH LEAVE TO AMEND.

### 3.      Third Affirmative Defense (Unclean Hands)

In its third affirmative defense, Defendant asserts that Plaintiff's claims are barred by the principle of unclean hands. Answer at 3.

"[S]imply stating that a claim fails due to plaintiff's unclean hands is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'" *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009); *see also McCune v. Munirs Co*., No. 2:12-CV-02733-GEB, 2013 WL 5467212, at *2 (E.D. Cal. Sept. 30, 2013); *Staples*, 291 F.R.D. at 471 (striking an unclean hand defense because defendant's answer provided no basis for assertion of the doctrine).

Accordingly, the Court STRIKES Defendant's third affirmative defense WITH LEAVE TO AMEND.

### 4.      Tenth Affirmative Defense (Moot)

In its tenth affirmative defense, Defendant alleges only that "[t]he complaint, and each and every claim alleged therein, is moot." Answer at 4. Because Defendant provides no explanation of why Plaintiff's claims are moot, the tenth affirmative defense is factually insufficient. *See Islands*, 280 F.R.D. at 572.

Accordingly, the Court STRIKES Defendant's tenth affirmative defense WITH LEAVE TO AMEND.

### 5.      Fourteenth Affirmative Defense (Failure to Join Indispensable Parties)

In its fourteenth affirmative defense, Defendant contends that Plaintiff's claims are barred due to Plaintiff's failure to join an indispensable party. Answer at 5.

Case 8:17-cv-00551-DOC-SK   Document 20   Filed 08/01/17   Page 7 of 13   Page ID #:189

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0551-DOC (SK)                                          Date: August 1, 2017
                                                                                                                                     Page 7

"[W]ithout identifying who the indispensable party is, [defendant] fails to provide fair notice of its defense." *Islands*, 280 F.R.D. at 568 (citing *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *5 (N.D. Cal. Mar. 4, 2005)); *but cf. Rapp v. Lawrence Welk Resort*, No. 12-CV-01247 BEN WMC, 2013 WL 358268, at *3 (S.D. Cal. Jan. 28, 2013) (holding that defendant *did* provide plaintiff with fair notice because the defendant identified "operators of independent facilities within the resort" as among the indispensable parties who plaintiff had failed to name).

Therefore, the Court STRIKES Defendant's fourteenth affirmative defense WITH LEAVE TO AMEND.

### 6. Eighteenth and Twenty-Third Affirmative Defenses (Failure to Mitigate)

In its eighteenth and twenty-third affirmative defenses, Defendant asserts that Plaintiff has failed to mitigate his alleged damages. Answer at 5, 6.

A bare contention that a plaintiff has failed "to properly mitigate his damages . . . gives no notice to [Plaintiff] of the basis of his alleged failure to mitigate." *McCune*, 2013 WL 5467212, at *2 (quoting *Staples*, 291 F.R.D. at 469).

Accordingly, the Court STRIKES Defendant's eighteenth affirmative defense WITH LEAVE TO AMEND. Because Defendant's twenty-third affirmative defense is the same as its eighteenth affirmative defense, the Court STRIKES Defendant's twenty-third affirmative defense WITHOUT LEAVE TO AMEND.

### 7. Twenty-First Affirmative Defense (Not Readily Achievable)

In its twenty-first affirmative defense, Defendant asserts that "the removal of any physical barriers, to the extent that any exist, is not readily achievable." Answer at 6.

Under the ADA, removal of an architectural barrier is not readily achievable if it is not "easily accomplishable" or entails "much difficulty or expense." 42 U.S.C. § 12181(9). Factors relevant to the determination of whether barrier removal is readily achievable include the cost of removal, a defendant's financial resources, and the defendant's operations. *Id*. Bare assertion of the "not-readily-achievable" defense provides inadequate notice to plaintiffs "because there are several grounds upon which [a defendant] may be relying in this matter." *Islands*, 280 F.R.D. at 568; *see also Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015) (striking a defendant's not-readily-achievable affirmative defense because the defendant failed to identify which barrier removals are not readily achievable).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0551-DOC (SK)                                                 Date: August 1, 2017
                                                                                                                                                  Page 8

Accordingly, the Court STRIKES Defendant's twenty-first affirmative defense WITH LEAVE TO AMEND.

**8. Twenty-Second Affirmative Defense (Structurally Impracticable)**

In its twenty-second affirmative defense, Defendant alleges that "the removal of any physical barriers, to the extent that any exist, is structurally impracticable." Answer at 6.

Structural impracticability is a defense against ADA noncompliance claims where "unique characteristics of the terrain prevent the incorporation of accessibility features." 28 C.F.R. § 36.401(c). Here, Defendant does not allege any basis for its structural impracticability defense, such as the terrain characteristics preventing Defendant from complying with the ADA accessibility Guidelines. *See* Answer. The Court therefore finds that Defendant has failed to provide fair notice of its defense here. *See Islands*, 280 F.R.D. at 569; *see also Long v. Coast Resorts, Inc.*, 267 F.3d 918, 923 (9th Cir. 2001) (holding that the structural impracticability defense does not apply to a defendant who had failed to prove that the terrain on which the facility was constructed had unique characteristics rendering accessibility unusually difficult to achieve).

Therefore, the Court STRIKES Defendant's twenty-second affirmative defense WITH LEAVE TO AMEND.

**B. Striking Defenses as Legally Insufficient**

**1. Sixth and Seventh Affirmative Defenses (No Notice and Failure to Give Notice)**

In its sixth and seventh affirmative defenses, Defendant asserts that it was not provided with notice of the purported conditions causing Plaintiff's harm, including pre-suit notice of the ADA noncompliance. Answer at 3–4.

The Ninth Circuit held that the ADA contains no pre-filing notice requirement, and has declined to imply one. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 844 (9th Cir. 2007). Similarly, the California Supreme Court has found that the Unruh Act does not require pre-suit notice. *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 168 (2007); *see also Gunther v. Jack in the Box, Inc.*, No. G036469, 2006 WL 2501518, n.3 at *3 (Cal. Ct. App. Aug. 30, 2006) (rejecting the contention that prelitigation notice requirement ought to be read into the Unruh Act). Further, the notice requirements under the California Construction-Related Accessibility Standards

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0551-DOC (SK)                                              Date: August 1, 2017
                                                                                                                    Page 9

Compliance Act, Cal. Civ. Code §§ 55.51–55.54, are inapplicable to Unruh Act claims filed in federal court. *Moreno v. Town & Country Liquors*, No. 2:12-CV-00729 JAM, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012).

Because there is no pre-filing notice requirement for private ADA claims or Unruh Act claims filed in federal court, Defendant's sixth and seventh affirmative defenses are legally insufficient. *See Staples*, 291 F.R.D. at 472. Accordingly, the Court STRIKES Defendant's sixth and seventh affirmative defenses WITHOUT LEAVE TO AMEND.

### 2. Eighth and Eleventh Affirmative Defenses (Standing and Jurisdiction)

In its eighth and eleventh affirmative defenses, Defendant asserts that Plaintiff lacks standing and that the Court lacks supplemental jurisdiction over Plaintiff's state law claim. Answer at 4.

However, in its June 8, 2017 Order, the Court found that Plaintiff had sufficiently established standing and held that the Court would exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* Order at 6, 8. Defendant does not provide any new facts or arguments to support the standing and jurisdiction affirmative defenses in its Answer. *See* Answer. Therefore the Court finds Defendant's eighth and eleventh affirmative defenses legally insufficient.

Accordingly, the Court STRIKES Defendant's eighth and eleventh affirmative defenses WITHOUT LEAVE TO AMEND but without prejudice to Defendant's ability to raise a standing argument in future motions should the facts of this case make such an argument colorable.

### 3. Ninth Affirmative Defense (Preemption)

In its eighth affirmative defense, Defendant argues that "Plaintiff's claims under state law are preempted to the extent that they conflict with federal law." Answer at 4. Here, Plaintiff's only state law claim is under the Unruh Act. *See* Compl.

Plaintiff contends that the ADA does not preempt the Unruh Act, citing *Stevens v. Optimum Health Inst.*, 810 F. Supp. 2d 1074, 1097 (S.D. Cal. Aug. 24, 2011). Mot. at 8. However, the *Stevens* court held only that the ADA's religious organizations exemption neither conflicts with nor preempts the Unruh Act. *Id*. That court did not address preemption of the Unruh Act as a whole. *Id*. Rather, the court noted that "'in those areas where Congress has not completely displaced state regulation, federal law may

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 17-0551-DOC (SK) | Date: August 1, 2017 |
| | Page 10 |

nonetheless preempt state law to the extent it actually conflicts with federal law.'" *Id*. (citing *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280 (1987)).

Because the evaluation of whether Plaintiff's state law claim involves areas that conflict with federal law goes to the merit of the case, the Court declines to address the issue at the instant Motion. The Court therefore finds that Defendant's ninth affirmative defense is properly asserted in its Answer.

### 4. Twelfth Affirmative Defense (No Damage to Plaintiff)

Plaintiff contends that Defendant's twelfth affirmative defense is not an affirmative defense.

"Affirmative defenses are allegations unrelated to the plaintiff's prima facie case that deny the plaintiff's right to relief, even if all allegations in the complaint are true." *Islands*, 280 F.R.D. at 567 (citing *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)). However, mislabeling a defense as an "affirmative defense" is not grounds for striking the defense. *Id*.

Here, Defendant is making a factual allegation that disputes an element of Plaintiff's claims. Answer at 4. Such allegation is properly raised in an answer. *See* Fed. R. Civ. P. 8(b). Therefore, the Court declines to strike Defendant's twelfth affirmative defense.

### 5. Thirteenth Affirmative Defense (*De Minimis*)

In its thirteenth affirmative defense, Defendant asserts that Plaintiff's claims are barred because the alleged violations "do not materially impair plaintiff's use" of the Property. Answer at 4.

District courts in this Circuit have held that non-compliance with the ADA Accessibility Guidelines that does not materially impair the use of a facility may not warrant injunctive relief or an award of attorneys' fees. *See Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1086 n.26 (D. Haw. 2000); *Indep. Living Res. v. Oregon Arena Corp.*, 1 F. Supp. 2d 1124, 1153 (D. Or. 1998).

Because Defendant's factual dispute here addresses the extent of the possible relief to Plaintiff, the Court finds that this argument is properly contained in the Answer. Therefore, the Court declines to strike Defendant's thirteenth affirmative defense.

Case 8:17-cv-00551-DOC-SK Document 20 Filed 08/01/17 Page 11 of 13 Page ID #:193

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0551-DOC (SK)                             Date: August 1, 2017
                                                                                                               Page 11

### 6.     Nineteenth Affirmative Defense (Good Faith)

In its nineteenth affirmative defense, Defendant argues that "Defendant, at all times, acted reasonably, in good faith, and in a nondiscriminatory manner." Answer at 6.

"A plaintiff bringing a claim under the ADA need not show 'intentional discrimination . . . to establish a violation of the ADA's access requirements.'" *Staples*, 291 F.R.D. at 471 (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 694 (2009)). Similarly, an Unruh Act violation claim premised on an ADA violation does not require intentional discrimination. *Lentini v. California Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004).

Because Defendant's intent is irrelevant to Plaintiff's ADA and Unruh Act claims, Defendant's affirmative defense here is legally insufficient. Accordingly, the Court STRIKES Defendant's nineteenth affirmative defense WITHOUT LEAVE TO AMEND.

### 7.     Twenty-Fourth Affirmative Defense (Election of Remedies)

Defendant's twenty-fourth affirmative defense alleges that "Plaintiff has failed to properly elect between remedies available under the California Unruh Civil Rights Act and the California Disabled Persons Act." Answer at 6. Plaintiff, however, has not alleged a claim under the California Disabled Persons Act. *See* Compl. Plaintiff's only state law claim is under the Unruh Act. *See id*. Defendant's twenty-fourth affirmative defense is thus legally insufficient. Accordingly, the Court STRIKES Defendant's twenty-fourth affirmative defense WITHOUT LEAVE TO AMEND.

### 8.     Twenty-Seventh Affirmative Defense (Equal Access)

In its twenty-seventh affirmative defense, Defendant argues that Plaintiff was not denied equal access to the services at the Property because Plaintiff went to the Property solely to create a cause of action for himself, and not to take advantage of the services there. Answer at 7.

Through this defense, Defendant is asserting that Plaintiff has failed to carry his burden of proof. This is not an affirmative defense, s*ee Moore v. Millennium Acquisitions, LLC*, No. 1:14-CV-01402-LJO, 2015 WL 769740, at *2 (E.D. Cal. Feb. 23, 2015), and the Court declines to evaluate this issue on the merits at this stage. However, because a defendant can dispute a plaintiff's factual allegations in their answer, *see* Fed. R. Civ. P. 8, the Court finds that Defendant's argument is properly contained in the Answer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0551-DOC (SK)                                                     Date: August 1, 2017
                                                                                                                      Page 12

### 9.     Twenty-Eighth Affirmative Defense (No Attempted Access)

In its twenty-eighth affirmative defense, Defendant argues that "Plaintiff's claims are barred because [P]laintiff did not attempt to access the facility and was not denied any access based on alleged 'architectural barriers.'" Answer at 7. Defendant thus disputes Plaintiff's allegation that Plaintiff encountered the barriers when he attempted to patronize the Property on June 12, 2015. *See* Compl. ¶ 9

Finding that this is a factual dispute, the Court declines to strike Defendant's assertion here.

To the extent that Defendant is attempting to "reserve[] affirmative defenses" that may be applicable to alleged barriers that Plaintiff may identify in amended pleadings, Opp'n at 2, the Court finds this is not a proper reservation. "If at some later point in the litigation [d]efendants believe that the addition of another affirmative defense is warranted, they may seek leave to amend their pleadings." *Fortune Dynamic, Inc. v. Blossom Footwear, Inc.*, No. CV0901058RGKAJWX, 2009 WL 10674356, at *5 (C.D. Cal. July 22, 2009). A defendant "is either entitled to raise additional defenses a later time or he is not; his right to reserve his rights to do so is a legal nullity." *Staples*, 291 F.R.D. at 473 (quoting *United States v. Glob. Mortg. Funding, Inc.*, No. SACV071275DOCPJWX, 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008)).

### V.     Disposition

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Strike.

The Court STRIKES Defendant's affirmative defenses 1, 2, 3, 4, 5, 10, 14, 18, 21, and 22 WITH LEAVE TO AMEND.

The Court STRIKES Defendant's affirmative defenses 6, 7, 8, 11, 19, 23, and 24 WITHOUT LEAVE TO AMEND.

Defendants may file an amended answer **on or before August 21, 2017**, if desired.

The Clerk shall serve this minute order on the parties.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0551-DOC (SK)                                        Date: August 1, 2017
                                                                                                         Page 13